**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARY D. CONKLIN,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:12-cv-541-Orl-28KRS**

**ANNELISE POTACZALA-DANIELS, et al,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT KIDS CENTRAL, INC.'S MOTION TO DISMISS (Doc. No. 12)** |
| **FILED:** | **August 19, 2011** |

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS ON BEHALF OF THE FLORIDA STATEWIDE GUARDIAN AD LITEM PROGRAM, NICOLE HENRY, RONALD GAMBLE, CIRCUIT JUDGE MICHAEL TAKAC AND CIRCUIT JUDGE HEIDI DAVIS (Doc. No. 21)** |
| **FILED:** | **September 16, 2011** |

| | |
|---|---|
| **MOTION:** | **MOTION TO WITHDRAW APPEARANCE (Doc. No. 38)** |
| **FILED:** | **April 25, 2012** |

**I.      PROCEDURAL HISTORY.**

On March 22, 2011, Plaintiff Mary D. Conklin filed a purported class action complaint on behalf of CEC III, a minor, in the United States District Court for the District of Connecticut. She named the following Defendants: "State Department of Children and Family Service" a/k/a Kids Central Inc. and Youth and Family Alternatives, Inc.; Annelise Potaczala-Daniels, a case worker; Norma Muraviov, a case worker; Mary Kirnes, a supervisor; Sheltering Arms, Inc.; Guardian Ad Litem Program; Nicole D. Henry, attorney for GAL; Ronald Gamble, case coordinator for GAL; General Magistrate Heidi Davis, and the Honorable Michael Takac. Doc. No. 1.

In the complaint, Conklin alleges that she is the paternal grandmother of CEC III. It appears that CEC III was living with Conklin until April 15, 2005. Conklin alleges that CEC III was put in state custody on that date without notice to her. Documents attached to the complaint show that the parental rights of CEC III's parents were terminated with their consent on May 14, 2008, by order of Defendant Takac, a Circuit Judge in the Fifth Judicial Circuit in and for Lake County, Florida. Judge Takac committed CEC III to the custody and control of the Florida Department of Children and Families for adoption.[1] Doc. No. 1 at 47. The complaint does not state any cause of action. Rather, Conklin complains generally that "procedures were not followed," that CEC III was not appropriately cared for by some of the Defendants, and that there were undue delays in the court proceedings.

Several of the Defendants filed motions to dismiss. The presiding district judge appointed a Connecticut attorney, Kevin Coles, Esq., as counsel for Conklin. Doc. No. 26. Coles filed a response to the motions to dismiss. Doc. No. 31. He also moved to transfer the case to the Middle District of

---

[1] It appears that more than one child was the subject of Judge Takac's order. For purposes of this Report and Recommendation, I assume that one of the children was CEC III.

Florida, where the events underlying the complaint occurred. Doc. No. 29. This motion was granted, and the case was transferred to this Court, albeit incorrectly to the Orlando division rather than the Ocala division of this Court. Doc. No. 33.

The above-referenced motions are ripe and have been referred to the undersigned for issuance of a Report and Recommendation.

## II. ANALYSIS.

Kids Central argues, among other things, that the complaint fails to state a claim on which relief can be granted. It also contends that it is immune from suit related to performance of its discretionary functions as an agent of the state of Florida. Doc. No. 12.

The Florida Statewide Guardian Ad Litem Program ("GAL Program") and Defendants Henry, Gamble, Judge Takac and Judge Davis argue, among other things, that they have not properly been served, that the complaint fails to state a claim on which relief can be granted, and that they are immune from suit. Doc. Nos. 21, 22.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction,

even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The present complaint is insufficient for the Court to determine whether Conklin has standing to sue on behalf of CEC III. It also fails to state claims on which relief can be granted -- indeed, no federal or state law, constitutional provision or common law cause of action is alleged in the complaint. It is likely that the judicial defendants and state agencies and their employees are also immune under various theories, but the Court cannot make that determination without a more cogent statement of the causes of action on which Conklin seeks to proceed and allegations of fact sufficient to allow the Court to draw reasonable inferences that any named Defendant could be liable. Accordingly, the motions to dismiss are well taken and the complaint must be dismissed without prejudice.

Appointed attorney Coles asks to withdraw as counsel for Conklin because he is not a member of the bar of this Court and he did not agree to accept an appointment to represent Conklin after the case was transferred. The request to be relieved of the appointment to represent Conklin is reasonable under these circumstances. However, Attorney Coles should be required to confer with Conklin regarding this recommendation and file a notice with the Court within the time permitted to object to this recommendation certifying that he has done so and providing the Court with the current mailing address and telephone number for Conklin.

"Appointment of counsel in civil cases is . . . a privilege 'justified only by exceptional circumstances . . . .'" *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Without at least a basic statement of a cause of action and a showing that Conklin has standing to pursue this case, appointment of substitute counsel does not appear to be warranted. Moreover, until the Court

determines the proper division of this Court for litigation of the case, the Court could not begin the process of finding an attorney willing to accept appointment as Conklin's counsel should it determine that appointment of counsel is warranted.

### III. RECOMMENDATION.

For the reasons set forth above, I **respectfully recommend** that the Court **grant in part** the motions to dismiss, Doc. Nos. 12, 21, **dismiss** the complaint without prejudice, and **require** Conklin to file an amended complaint by a date established by the Court. I **further recommend** that the Court **grant** the motion by appointed counsel to withdraw, Doc. No. 38, if Attorney Coles files a certification within the time permitted to object to this Report and Recommendation that he has conferred with Conklin about this recommendation and that sets forth Conklin's present mailing address and telephone number. I **further recommend** that substitute counsel not be appointed at this time. Finally, I **recommend** that the case be transferred to the Ocala Division of this Court, where the events at issue appear to have occurred.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2012.

                              *Karla R. Spaulding*
                              KARLA R. SPAULDING
                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record